**1344**

Anthony S. NOE, Plaintiff

v.

BOARD OF REVIEW OF the INDUSTRI-
AL COMMISSION OF UTAH, DE-
PARTMENT OF EMPLOYMENT SE-
CURITY, Defendant.

No. 21001.

Supreme Court of Utah.

Sept. 12, 1986.

Waine Riches, Salt Lake City, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendant.

STEWART, Justice.

The petitioner in this proceeding raises the following issues: (1) whether the Department of Employment Security's method of calculating weekly unemployment benefits violates the petitioner's right of due process, and (2) whether the Department's method of calculating unemployment benefits violates his right of equal protection.

The petitioner filed a claim for unemployment compensation benefits February 22, 1985. The Department of Employment Security calculated the amount of benefits to which he was entitled pursuant to departmental procedure and the governing statute, U.C.A., 1953, § 35–4–3. The calculation was based on his earnings during his "base period," which consisted of the four completed calendar quarters immediately prior to the time he filed his claim. According to the Department's regulations, once a claimant's benefits have been calculated, they will not be recalculated during the "benefit year" to either increase or reduce benefits if the claimant returns to work during that year and makes a second claim for benefits. A "benefit year" is a one year period commencing on the date of the initial claim.

The petitioner was paid benefits for a period of five weeks during February and March 1985. He obtained employment, and worked for approximately four and a half months at a substantially higher salary than he had received during the base period from which his unemployment benefits had been calculated. When he lost that job in August, 1985, the petitioner again applied for unemployment compensation benefits and requested that those benefits be calculated on his wages earned during a base period that included his most recent earn-

ings which were substantially higher than his wages earned during the base period used by the Department. Had the base period that he requested been used, his benefits would have been higher. His request, however, was denied. The petitioner contends that the Department's refusal to use his formula, which would result in his receiving higher benefits, constitutes the constitutional violations above complained of.

The mere fact that petitioner would receive greater benefits under the formula he propounds simply does not establish a premise for finding a violation either of the Due Process Clause or of the Equal Protection Clause. The governing statutes, and the Department's implementation of those statutes, treat all applicants for unemployment compensation alike, at least insofar as the issue on this appeal is concerned. Furthermore, there is no showing that the method for computing benefits based on the year preceding the benefit year is in any way arbitrary or capricious. That the petitioner may have received higher benefits if a different formula were used is of no consequence. Indeed, if his formula were employed by the Department, other unemployment compensation recipients would receive smaller benefits. That is, their benefits would be reduced if the wages they earned during the base year proposed by petitioner were lower, as is often likely to be the case.

The petitioner has failed to demonstrate any kind of invidious discrimination. *See Baker v. Matheson,* 607 P.2d 233, 244 (Utah 1979); *see also Malan v. Lewis,* 693 P.2d 661, 670–71 (Utah 1984). Nor has the petitioner shown that there is any substantial likelihood of error in the manner of computing benefits. *See Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.